## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| ANGEL JACKSON, as Trustee and Natural Guardian of minor H.D.P., and ALLIE ELIZABETH PRESSLEY | ) ) ) ) | CIVIL ACTION FILE NO. _____ |
| Plaintiffs | ) ) | AS REMOVED FROM THE |
| v. | ) ) ) | SUPERIOR COURT OF MONROE COUNTY, GEORGIA, CIVIL ACTION FILE NO. |
| EMILY REEVES PRESSLEY and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | ) ) ) ) | 2022-SU-CV-0302 |
| Defendants | ) | |

## NOTICE OF REMOVAL

Hartford Life and Accident Insurance Company ("Hartford"), Defendant in the above-captioned action which was initiated in the Superior Court of Monroe County, Georgia, Civil Action File No. 2022-SU-CV-0302 (the "Action"), hereby removes the Action to the United States District Court for the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. §§1441 and 1446. In accordance with 28 U.S.C. § 1446(a), Hartford respectfully shows the Court:

## I.     BACKGROUND

1.

On August 1, 2022, Plaintiffs Angel Jackson, as Trustee and Natural

Guardian of minor H.D.P., and Allie Elizabeth Pressley (collectively, the "Plaintiffs") initiated the Action by filing a Verified Complaint (the "Complaint") against Hartford and Emily Reeves Pressley (collectively, the "Defendants") in the Superior Court of Monroe County, Georgia.

2.

In the Complaint, Plaintiffs assert a claim for declaratory judgment under the Georgia Declaratory Judgment Act (the "DJA"), O.C.G.A. § 9-4-1 *et seq.*, which seeks a declaration that Plaintiffs are entitled to the benefits for the Basic Life Insurance and Supplemental Life Insurance coverage Dale Lamar Pressley (the "Decedent") maintained under WestRock Company's employee welfare benefit plan (the "Plan"). Plaintiffs also assert an alternative claim for Unjust Enrichment and Trover (the "Alternative Claim") to recover certain Plan benefits in the event they have already been distributed.

3.

The Plan is an employee welfare benefit plan established and maintained by WestRock Company and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Basic and supplemental life insurance benefits under the Plan are funded by Group Policy No. GL-805396 issued to WestRock Company by Hartford.

- 2 -

4.

True and correct copies of the Complaint, the Summons issued to Defendant Emily Reeves Pressley, the Entry of Service for Emily Reeves Pressley, the Summons issued to Hartford, and the Entry of Service for Hartford are attached as **Exhibit A.**

5.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense.

## II.   <u>JURISDICTION & VENUE</u>

6.

Both Plaintiffs' claim under the DJA and the Alternative Claim seek relief that is available under § 502(a) of ERISA. *See* 29 U.S.C. § 1132(a)(1)(B) (providing a plan beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987) (holding relief under ERISA § 502(a) "may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits."). Plaintiffs' DJA claim and the Alternative Claim are therefore

completely preempted by ERISA. *See* 29 U.S.C. § 1144(a) (providing ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

7.

This Court therefore has original jurisdiction over this Action pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. §1331 because the action arises under ERISA. Accordingly, removal of the Action to this Court is proper under 28 U.S.C. § 1441(a). *See Davila*, 542 U.S. at 209 ("[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that . . . 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987))).

8.

Venue is proper pursuant to 28 U.S.C. §1441(a) because this Court embraces Monroe County, Georgia.

### III.   <u>REMOVAL</u>

9.

Removal of the Action is timely. 28 U.S.C. § 1446(b)(1) provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Hartford received a copy of the Complaint on August 4, 2022. Therefore, this removal is timely as it is filed within 30 days of Hartford's receipt of the Complaint.

10.

In addition to the Complaint, Hartford also received copies of the Summons and Entry of Service for Emily Reeves Pressley (collectively, the "Emily Pressley Process") on August 4, 2022. Hartford was subsequently served with a copy of the Complaint, as well as the Summons issued to Hartford and the Entry of Service on Hartford (collectively, the "Hartford Process") on August 10, 2022. In accordance with 28 U.S.C. § 1446(a), the Complaint, the Emily Pressley Process, and the Hartford Process, which constitutes all process, pleadings, and orders from the Action that have been served upon or received by Hartford, are attached as **Exhibit A**.

11.

In accordance with 28 U.S.C. § 1446(b)(2)(A), Hartford has obtained the consent of co-defendant Emily Reeves Pressley to remove the Action to this Court. A copy of the Consent of Emily Reeves Pressley to Hartford's Notice of Removal is attached as **Exhibit B**.

12.

In accordance with 28 U.S.C. § 1446(d), Hartford has contemporaneously served written notices of the filing of this Notice of Removal on Plaintiffs and the Clerk of the Superior Court of Monroe County, Georgia. A true and correct copy of the Notice of Removal to the United States District Court filed by Hartford in the Superior Court of Monroe County, Georgia, minus its attached exhibit, is attached as **Exhibit C**.

13.

Hartford expressly reserves all rights and defenses relating to Plaintiffs' claims and requests for relief.

14.

Attached are the following exhibits, including true copies of the documents filed in the Superior Court of Monroe County, Georgia:

**Exhibit A** – Complaint, the Emily Pressley Process, and the Hartford Process;

**Exhibit B** – Consent of Emily Reeves Pressley to Hartford's Notice of Removal; and

**Exhibit C** – The Notice of Removal to the United States District Court filed by Hartford in the Superior Court of Monroe County, Georgia.

**WHEREFORE**, Hartford removes the Action, pursuant to 28 U.S.C. §§ 1441 and 1446, from the Superior Court of Monroe County, Georgia, to the United States District Court for the Middle District of Georgia, Macon Division. On the basis of this Notice of Removal, Hartford respectfully requests that this Court take jurisdiction of the Action for the determination of all issues, trial, and judgment, to the exclusion of any further proceedings in the Superior Court of Monroe County, Georgia.

Respectfully submitted this the 26th day of August, 2022.

***[signatures on following page]***

- 7 -

/s/ *Nikole M. Crow*
Nikole M. Crow
Georgia Bar No. 198359
/s/ *Brendan H. White*
Brendan H. White
Georgia Bar No. 458315

*Attorneys for Defendant Hartford Life and Accident Insurance Company*

WOMBLE BOND DICKINSON (US) LLP
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
nikole.crow@wbd-us.com
brendan.white@wbd-us.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing **NOTICE OF REMOVAL** was filed using the CM/ECF system, and a copy of the same was served via U.S. Mail upon:

Jenny Martin Walker
Franklin T. Gaddy
MARTIN SNOW, LLP
P.O. BOX 1606
Macon, Georgia 31202-1606
*Counsel for Plaintiffs*

H. Wayne Grant
Scott H. Grant
GRANT KONVALINKA & HARRISON, P.C.
633 Chestnut Street, Suite 900
Chattanooga, Tennessee 37450-0900
*Counsel for Defendant Emily Reeves Pressley*

This 26th day of August, 2022.

/s/ *Nikole M. Crow*

Nikole M. Crow
Georgia Bar No. 198359